**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **BEACH DREAMING LLC,** *et al.*, | \* |
| Plaintiffs, | \* |
| v. | Case No.: GJH-19-745 |
| **WALDORF AUTO TOY STORE,** *et al.*, | \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Beach Dreaming LLC, Mathew Charlesworth, and Jacob Faulkner ("Plaintiffs") filed this action on March 11, 2019 against Waldorf Auto Toy Store, an automobile dealer from which Plaintiffs purchased an allegedly defective vehicle that they intended to use as a food truck, as well as its parent company H&Y Automotive Group Inc., that company's owner Rajiv Chadha (collectively, the "Waldorf Defendants"), and previous owners and sellers of the vehicle. ECF No. 1. Plaintiffs assert a variety of claims under federal law and Maryland statutory and common law, alleging that the truck had defective components and that its odometer had been tampered with. *Id.*

Currently pending in the case are: a Motion to Dismiss by defendants Manheim Remarketing, Inc. and Manheim Baltimore-Washington (collectively, the "Manheim Defendants"), whom Plaintiffs allege auctioned the vehicle despite knowledge or negligence with respect to its odometer reading and mechanical issues, ECF No. 8; a motion by Plaintiffs to withdraw an earlier filing voluntarily dismissing its claims against the Manheim Defendants, ECF No. 14; and a motion by Plaintiffs to amend their Complaint to add further allegations

against the Manheim Defendants and join additional parties related to the Waldorf Defendants, ECF No. 20. Each of the motions is opposed by the Manheim Defendants.

On January 10, 2020, however, Plaintiffs and the Manheim Defendants filed a joint stipulation of dismissal with prejudice of all claims against the Manheim Defendants. ECF No. 22. The Court will accordingly dismiss those claims with prejudice and deny as moot the Manheim Defendants' motion to dismiss and Plaintiffs' motion to withdraw. Plaintiffs' motion for leave to amend the Complaint, however, will be denied without prejudice because the proposed Amended Complaint, ECF No. 20-1, in addition to joining additional defendants related to Waldorf, makes new allegations against the Manheim Defendants that are now defunct because of the stipulated dismissal. Therefore, within 14 days of the Court's order accompanying this Memorandum Opinion, Plaintiffs shall file an amended Complaint that adds any parties that Plaintiffs wish to join but that does not include the allegations and claims against the Manheim Defendants that the Court now dismisses.

The Court also notes that although summons were issued on March 13, 2019 for serving the three Waldorf Defendants with the original Complaint, ECF Nos. 3-3, 3-4, 3-5, Plaintiffs have apparently failed to serve any of them to this point. Local Rule 103.8 provides that a party demanding affirmative relief must effect service of process within 90 days of filing the pleading seeking that relief. Loc. Rule. 103.8 (D. Md.). Plaintiffs represented in their motion to amend the complaint, ECF No. 20, filed shortly before the expiration of that 90 day period, that it had "made attempts" to serve the Waldorf Defendants with the original complaint but had been unsuccessful. ECF No. 20 ¶ 4. Since filing that motion, Plaintiffs have provided no indication of their reasons for failing to serve the Waldorf Defendants.

Local Rule 103.8 further provides that if a party fails to effect service of process within 90 days of filing its pleading, the Court may enter an order directing the party to show cause why the action should not be dismissed. Because the Court is permitting Plaintiffs to file an amended complaint, Plaintiffs shall have 90 days from the filing of that pleading to serve both the existing Waldorf Defendants and the new defendants that Plaintiffs wish to join.[1] Plaintiffs shall use the existing summons issued for the existing Waldorf Defendants, ECF Nos. 3-3, 3-4, 3-5, and shall file requests for new summons for any new defendants upon filing the amended complaint. If Plaintiffs are unable to effect service on any of the existing Waldorf Defendants or new defendants within 90 days of filing their amended complaint, Plaintiffs shall immediately file with the Court a statement of good cause why the amended complaint should not be dismissed as to those defendants.

For the foregoing reasons, all claims against the Manheim Defendants shall be dismissed with prejudice; the Manheim Defendants' Motion to Dismiss, ECF No. 8, and Plaintiffs' Motion to Withdraw Notice of Voluntary Dismissal, ECF No. 14, will be denied as moot; and Plaintiffs' Motion to Amend Complaint and to Join Party Defendants Pursuant to Fed. R. Civ. P. 15 and 20, ECF No. 20, will be denied without prejudice. A separate order shall issue.

Date: <u>January 24, 2020</u>  /s/_____
GEORGE J. HAZEL
United States District Judge

---

[1] Pursuant to Local Rule 103.6 and Federal Rule of Civil Procedure 15(a), Defendant Darcars Dodge of New Carrollton, which has filed an Answer to the original Complaint, ECF No. 6, shall have 14 days from the date that the amended complaint is docketed to file a response.